DA 07-0671

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 110N

JASPER LEVI PHILLIPS,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District, First Judicial District,
In and For the County of Lewis & Clark, Lewis and Clark,
Cause No. CDC 04-258, ODV 07-755
Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jasper Levi Phillips, (self-represented litigant); Deer Lodge, Montana

      For Appellee:

          Hon. Steve Bullock, Montana Attorney General; Mark W. Mattioli,
Assistant Attorney General; Helena, Montana

          Leo J. Gallagher, Lewis and Clark County Attorney; Lisa Leckie, Deputy
County Attorney; Helena, Montana

Submitted on Briefs:  November 26, 2008

Decided:  March 31, 2009

Filed:

          _____

                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Jasper Levi Phillips (Phillips) appeals from the District Court's order denying his petition for postconviction relief on the grounds that it was time barred. Phillips was charged in December 2004 with Escape, a felony, after he fled from a prisoner transport van during a stop in Helena, Montana. Phillips was an inmate in the custody of the Department of Corrections. Pursuant to a plea agreement, Phillips pleaded guilty to escape and was sentenced to five years in the Montana State Prison, to run consecutively to the time he was already serving. Phillips was sentenced to the offense and the judgment was filed in December 2004. Phillips did not appeal and the conviction became final in February 2005.

¶3 In October 2007, Phillips filed a petition for postconviction relief. The petition was based on a July 2007 article in the publication *Prison Legal News*, which he claimed constituted newly-discovered evidence. The article described an order entered by the District Court in *State v. William Brown and Brian Holliday*, 2006 Mont Dist. LEXIS 87 (Jan. 11, 2006), wherein, after a jury had convicted defendants Brown and Holliday of

2

felony escape arising out of the same incident, the court granted the defendants' motion to set aside the guilty verdict based on erroneous language in the jury instructions. However, the District Court denied Phillips' petition as being time barred, and Phillips appeals.

¶4    This Court reviews a district court's denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861.

¶5    Phillips argues that the *Prison Legal News* article constituted newly-discovered evidence, which permitted the petition to be filed beyond the statutory time limit. Phillips also makes substantive arguments, including that he was denied effective assistance of counsel and equal protection of the law when his court-appointed attorney counseled him to plead guilty, while his co-defendants Brown and Holliday were counseled to plead not guilty and stand for trial.

¶6    A petition for postconviction relief must be filed within one year of the date that the conviction becomes final, with the exception of "[a] claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted . . . ." Section 46-21-102(1), (2), MCA. Phillips' conviction became final in February 2005 and Phillips filed his petition in October 2007. The court's ruling in *Brown and Holliday* does not constitute evidence that "would establish

3

that [Phillips] did not engage in the criminal conduct for which [he] was convicted." Thus, the District Court was correct in holding that Phillips' appeal was not filed within the one year time limit and, thus, is time barred.

¶7     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶8     Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS